pER CURIAM.
Bertrand Hammant, Sr., was convicted of having no running lights on his vessel in violation of LSA-R.S. 34:851.8 B, netting in a closed area in violation of LSA-R.S. 56:802, and using untagged nets in violation of LSA-R.S. 56:322 G. The following sentences were imposed:
*50 (1) no running lights — fine of $50.00 or in default of fine and costs 15 days in the Parish Jail
(2) netting in closed area — 3 months in the Parish Jail
(3) using untagged nets — fine of $100.00 or in default of fine and costs 30 days in the Parish Jail.
Prom the conviction and sentence of netting in a closed area, defendant applied for writs of review to this court, which we granted, with the directions the record be sent up.
We have received and reviewed the record, and note that this being purely a misdemeanor case, and neither the prosecution nor the defense having requested that a transcript of the trial be taken, none was made. We note a joint stipulation was made by the State and the defense in lieu thereof, which we annex, and the facts which are stated therein are accepted as true and correct.
The netting was alleged to have occurred in a closed area, viz. the Lake Pontchartrain Sanctuary, or in the Lake Catherine and Lake Pontchartrain Sanctuary, which are governed by Act No. 476 of 1954 and Act 222 of 1977 (R.S. 56:801(15)).
We note that Act No. 476 of 1954 sets forth the following requirement in Section 5 thereof:
Section 5. Be it further enacted that the responsibility for plainly marking and maintaining the marking of the boundaries of the area in Lake Pontchartrain open to trawling shall come under the administration of the Commercial Seafood Section of said Wildlife and Fisheries Commission or its successors.
The joint stipulation shows that the area was not marked. Thus, the sanctuary is open to trawling until it is properly marked. Hence, there is no violation of the statutes in the present case, and, indeed, could not be until the sanctuary is properly marked.
As the conviction and sentence are invalid because of lack of marking of the sanctuary, we need not consider the other assignments of error in the writ application.
We do not alter the conviction and sentence except with respect to improper netting, as no relief is sought by writ of the separate convictions and sentences of the matters simultaneously tried. As to the conviction and sentence for netting in a closed area (LSA-R.S. 56:802) the writ of review is made peremptory and the conviction is reversed and the sentence set aside.
WRIT MADE PEREMPTORY.
APPENDIX
22ND JUDICIAL DISTRICT COURT PARISH OF ST. TAMMANY
STATE OF LOUISIANA
NUMBER 121997/8/9/80
FILED: Nov. 6, 1984
STIPULATION OF FACTS
1. Bertrand Hammant, Sr. was arrested in St. Tammany Parish on May 26, 1984, for violating La.R.S. 56:801, netting in the Lake Pontchartrain Sanctuary.
2. The defendant was also cited for violating La.R.S. 56:322(G), using untagged nets; La.R.S. 34:851.8 B, no running lights on boat, and La.R.S. 34:851.3, improper boat numbers.
3. Louisiana Wildlife and Fisheries Agents testified at trial that a surveillance was put on the Bayou Lacombe area using a high powered spotting scope and that at 6:30 p.m. on May 25, 1984, a white boat loaded with gill nets left Bayou Lacombe, entered the sanctuary and began stringing gill nets at least one mile east of Goose Point. It was established that the defendant was the owner of the fishing vessel.
4. Further testimony elicited indicated that overnight surveillance was maintained and that approximately at 5:00 a.m. on May 26, 1984, agents observed from the shore the fishing vessel retreiving said nets and removing fish from the nets.
5. On board the vessel were five (5) 1200 foot gill nets and 1500 lbs. of bull *51 drum fish which were seized by the Wildlife and Fisheries agents.
6. The defendant was identified by the agents as the same person observed on the vessel on the sighting described above, and the agents testified that the alleged violation occurred within St. Tammany Parish, LA.
7. The defendant testified that no boundary markers of any kind existed at the time of his arrest delineating the sanctuary or closed area and that he was not aware that he was fishing in the closed area.
8. The defendant testified that he was aware that the sanctuary was east of a line that extended southwest from Goose Point, but that no marker indicated this point.
9. The Wildlife agents testified and the State and the defendant hereby stipulate that no boundary markers existed at the time of Bertrand Hammant’s arrest delineating the sanctuary in question.
10. No court reporter was provided by the State for the trial of this matter and none was requested by defense counsel.
/s/ James R. Strain, Jr.
JUDGE, 22ND JUDICIAL DISTRICT